MIGNANO et al. v. McANDREWS et al.[1]

CALIFANO et al. v. SAME.

(Circuit Court of Appeals, Second Circuit. May 19, 1892.)

TENDER—MONEY PAID INTO COURT—POWER OF COURT ON APPEAL.
Money deposited in a district court as a tender by respondents in an admiralty cause remains in that court pending an appeal from a decree for libelants, and the circuit court of appeals has no control over the money, or over the district court in regard to it, except when the cause is reviewed and determined and remanded for further proceedings.

Appeals from the District Court of the United States for the Southern District of New York.

Motions by appellees for payment to them of money paid into court by appellants. Denied.

For former reports, see 51 Fed. Rep. 300, and 49 Fed. Rep. 376.

Libels in personam by Andrea Mignano and another against Robert McAndrews and another, and by Gaspare Califano and another against the same, to recover balances claimed to be due on charters of vessels of libelants, respectively. Respondents, having tendered to each libelant an amount less than that claimed, deposited the same in the registry of the district court, and, in their answers, admitted said amounts to be due, and pleaded the tender and deposit. In both cases, decrees were rendered for libelants for the full amounts claimed, with interest and costs. Respondents appealed, assigning as errors only the amount of the decree in each case, and that the decree should have been for the amounts admitted to be due. Appellees move for an order directing the payment to them of the moneys deposited by respondents.

[1] See 53 Fed. Rep. 958.

Charles C. Burlingham, (Wing, Shoudy & Putnam, on the brief,) for the motion.

George Bethune Adams, opposed.

Before WALLACE and LACOMBE, Circuit Judges.

PER CURIAM. Upon further consideration of the application made in this cause to direct the district court to pay to the libelants the moneys deposited as a tender by the respondents in the registry of that court, we have concluded that we have no authority to interfere. The only power of this court over the cause is by virtue of its statutory authority to review and determine the cause, and, of course, to make all orders incidentally necessary for that purpose. As this court does not execute its own decrees, (section 10, Court of Appeals Act,) the funds upon an appeal from the district court in an admiralty cause remain in the district court. This court has no control over them, or over the district court in respect to them, except when the cause is reviewed and determined and remanded for further proceedings, in pursuance of the determination.

Motion denied.